UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

STEVEN LATREL HOUSTON, JR.                                                    PLAINTIFF

VERSUS                                                      CIVIL ACTION NO. 1:21-CV-290-RPM

MIKE EZELL and TYRONE NELSON                                                 DEFENDANTS

**MEMORANDUM OPINION & ORDER**

Before the Court is a motion for summary judgment filed by Defendants Sheriff Mike Ezell and Captain Tyrone Nelson in their individual and official capacities. Doc. [53]. On September 8, 2021, Plaintiff Steven Latrel Houston, Jr. ("Houston"), proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging various conditions-of-confinement claims and an inadequate medical care claim. Doc. [1]. His allegations concern his incarceration at the Jackson County Adult Detention Center ("JCADC") from July 2021 through December 2021. The Court held an omnibus hearing on April 25, 2022. Defendants filed a Motion for Summary Judgment based on Houston's failure to exhaust administrative remedies. Doc. [51]. Defendants later filed an additional motion for summary judgment addressing the merits of Houston's claims. Doc. [54]. Although Houston filed a response to the exhaustion motion, Houston did not respond to the summary judgment motion reaching the merits. Doc. [55].

I. APPLICABLE LAW

a. Summary Judgment Standard

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that there is "no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). "All facts and inferences must be viewed in the light most favorable to the non-movant." *Koerner v. CMR Constr. & Roofing, LLC*, 910 F.3d 221, 227 (5th Cir. 2018) (citing *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 770 (5th Cir. 2000)). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

    b.  Deliberate Indifference Standard

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Tex. Dep't of Criminal Justice*, 91 F. App'x. 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). A plaintiff must prove: "(1) the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and (2) he must also draw the inference." *Williams v. Hampton*, 797 F.3d 276, 281 (5th Cir. 2015) (en banc) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). A plaintiff must provide evidence demonstrating that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino,* 239 F.3d at 756. "Mere disagreement with medical judgments or treatment" is insufficient to meet the deliberate indifference standard. *Davis v. Lumpkin*, 35 F.4th 958, 963 (5th Cir. 2022) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). "Unsuccessful medical

treatment, acts of negligence, or medical malpractice" are also insufficient. *Davis*, 35 F.4th at 963 (citing *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)). "Where the plaintiff alleges a delay in medical treatment, that delay must have resulted in substantial harm for the prisoner to recover." *Davis*, 35 F.4th at 963.

    c. Conditions-of-confinement

To establish an Eighth Amendment violation regarding conditions-of-confinement, an inmate must establish (1) that the deprivation alleged was sufficiently serious, i.e. an official's act or omission must have resulted in the denial of "the minimal civilized measure of life's necessities; and (2) that the prison official possessed a sufficiently culpable state of mind. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). The required state of mind is one of deliberate indifference to inmate health or safety. *Id*. The constitutional prohibition against cruel and unusual punishment requires that prisoners be afforded humane conditions of confinement, adequate food, shelter, clothing, medical care and safety. *Herman*, 238 F.3d at 664; *McGee v. Aramark Corr. Servs., LLC*, 2018 WL 7247135, at *2 (S.D. Miss. Dec. 20, 2018).

    d. Non-Disciplinary Lockdown

Houston alleges he was subjected to a prolonged period of "lockdown" at JCADC because of COVID-19 restrictions. To invoke the protections of the Due Process Clause, a plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Luckett v. Lewis*, 2013 WL 6230103, at *2 (S.D. Miss. Nov. 30, 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The United States Court of Appeals for the Fifth Circuit has held that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Pichardo*

*v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) (quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)); *Hernandez v. Velasquez*, 522 F.3d 556, 563 (5th Cir. 2008).

II. DISCUSSION

a. Inadequate Medical Care

Houston alleges he received inadequate medical care during his incarceration at JCADC. At the omnibus hearing, Houston testified that his teeth were infected. He explained that JCADC sent him to an off-site dentist who performed X-rays and pulled two of Houston's teeth. He alleges that the dentist recommended that eight teeth be pulled, but JCADC only gave permission for two teeth to be extracted. Houston testified that the dentist believed pulling two teeth would treat the infection. He further testified that he received antibiotics for around three months after his dental visit, which he suggested was the entire period of his infection. He asserted that the prescribed antibiotics were ineffective in alleviating the pain from the infection. He also testified that jail staff provided him Ibuprofen. He stated that he submitted grievances expressing a need for further medical attention. According to Houston, Captain Nelson responded to the grievances by stating Houston no longer had an infection because of the dentist's actions; and Houston would need to wait until he was transferred to a different facility to have more teeth pulled. Houston testified that he had eight teeth pulled around two months after leaving JCADC.

The Court finds that Defendants are entitled to summary judgment on Houston's inadequate medical care claim. Houston fails to provide any evidence showing that Defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756. He only provides unsubstantiated assertions. In contrast, Defendants provide summary judgment evidence illustrating that Houston received care spanning

4

the entire period in question. Doc. [53-1], at 9–22. "Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Thayer v. Adams*, 364 F. App'x 883, 890 (5th Cir. 2010) (quoting *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir.1995)). Houston testified that he was sent to a dentist, received pain medication, and had teeth pulled while housed at JCADC. He also testified that the dentist explained to him that two extractions would remedy his infection; and thus, he no longer presented a serious medical need. Houston's medical records support that testimony. The dentist noted, "Patient was told that other teeth may require extractions before getting a partial denture. Patient [has been] told that teeth are remove[d] on an emergency basis and not elective treatment." Doc. [53-1], at 20. Houston does not identify, and there is no evidence indicating, that Defendants took any actions that consciously disregarded the risk of harm to Houston. *Farmer*, 511 U.S. at 839–40 (1994).[1]

Houston's testimony indicates he was dissatisfied with his prescribed pain medication and the inability to visit an off-site dentist a second time. These allegations amount to a mere disagreement with the treatment provided and cannot be viewed as deliberate indifference. *See v. Isbell*, 456 F. App'x 466, 467 (5th Cir. 2012) (detainee's claim "regarding the ineffectiveness of his pain medication exhibits merely a disagreement about his medical treatment, which is insufficient to raise a genuine dispute as to a material fact on a claim of deliberate indifference"); *Alfred v. Tex. Dep't Criminal Justice*, 80 F. App'x 926, 927–28 (5th Cir. 2003) (finding refusal to allow inmate to see a specialist did not amount to deliberate indifference to a serious medical need); *Nelson v. Morris*, 2017 WL 2954649, at *3 (N.D. Miss. Jan. 9, 2017) (recommending dismissal of prisoner's deliberate indifference claim where the alleged defendants should have referred him

---

[1] To the extent that Houston argues there was delay in treatment for having additional teeth pulled, he fails to show any slight delay in receiving treatment resulted in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (noting "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm").

to a "free world specialist"). The Constitution guarantee prisoners "only adequate, not optimal medical care." *Gobert v. Caldwell*, 463 F.3d 339, 349 (5th Cir. 2006). Therefore, Houston's disagreement with his type of medical treatment does not constitute a constitutional deprivation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Also, regarding his medical needs, Houston takes issue with Captain Nelson's response to his grievances. Houston testified at the omnibus hearing that he was suing Captain Nelson because he kept denying Houston's grievances related to medical concerns. However, Houston does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 373−74 (5th Cir. 2005). Therefore, Houston cannot suffer a constitutional violation when his appeal within the prison grievance system is "arbitrarily and capriciously denied." *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011) (finding "a prisoner does not have a constitutional right to a grievance procedure at all, and he has no due process liberty interest in having his grievances resolved to his satisfaction."); *Lewis v. Errington*, 2019 WL 6493934, at *2 (S.D. Miss. Dec. 3, 2019). Houston cannot establish the requisite deliberate indifference essential to a constitutional claim for inadequate medical care. For the above reasons, Defendants are entitled to summary judgment on Houston's inadequate medical care claim.

 b. Conditions-of-confinement

Houston argues several conditions-of-confinement claims. At the omnibus hearing, Houston alleged that during his time at JCADC he encountered: drinking water that smelled of bleach, black mold in the shower, inadequate portions of food, and poor air quality. He testified that he sued Defendant Sheriff Ezell because he was in control of the jail, and hence responsible for all that occurred therein. Houston's omnibus testimony indicates that he sued Captain Nelson because he

denied his grievances. He testified that he did not believe Captain Nelson was intentionally denying Houston care or held personal animosity against him. He also stated that Captain Nelson was aware of the inadequate food issue but remedied the problem shortly after it was brought to his attention. Houston does not allege any physical injuries resulted from the conditions. He has also failed to allege or provide any evidence demonstrating that the conditions resulted from any official policy or custom. He also fails to identify conditions-of-confinement that deprived him of "the minimal civilized measure of life's necessities." *See Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998).

The Court concludes that Defendants are entitled to summary judgment on Houston's conditions-of-confinement claims. Houston does not allege that Defendants imposed the conditions of which he complains as a form of punishment. *See Pittman v. Allison*, 2010 WL 2736961, at *3 (S.D. Miss. July 9, 2010). There is no evidence in the record indicating that Defendants knew Houston was at substantial risk of serious harm and failed to take reasonable actions to correct the conditions. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (holding "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it"); *See DeMarco v. Davis*, 914 F.3d 383, 390 (5th Cir. 2019) (dismissing plaintiff's claim because defendants were not personally involved in the constitutional violation of a subordinate). In contrast, Houston acknowledges that Captain Nelson took action to correct at least one condition. Houston fails to allege any specific act by either Defendant resulting in violation of his rights; and thus, he has failed to demonstrate deliberate indifference. *See Pittman*, 2010 WL 2736961, at *5; *Frechou v. Allison*, 2010 WL 578493, at *5 (S.D. Miss. Feb. 11, 2010). Therefore, the Court does not find a genuine dispute of

material fact on the conditions-of-confinement claims. To the extent Houston seeks injunctive relief based on his conditions-of-confinement claims, his request is moot because of his transfer from JCADC to a different correctional facility. *See Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (per curiam) (holding that prisoner transferred out of offending institution renders injunctive relief moot).

c. Lockdown Challenge

At the omnibus hearing, Houston asserted that all inmates at JCADC were subject to a "lockdown" for two weeks. He stated that COVID-19 restrictions were the reason for the lockdown; and he believed the lockdown violated his constitutional rights. He contends that he was confined to his cell for 36 hours at a time and then out for four hours for a period of two weeks. In their motion for summary judgment, Defendants argue that Houston's two-week lockdown is not sufficiently atypical to rise to a constitutional claim. Doc. [54], at 11.

The Court finds that Houston has not shown his placement in lockdown posed an atypical or significant hardship in relation to the ordinary incidents of prison life, which is necessary to establish a liberty interest. He has failed to show that he was subjected to a substantial risk of serious harm or that he suffered any impairment of his health. *See Eason v. Thaler*, 73 F.3d 1322, 1330 (5th Cir. 1996) (no constitutional violation when inmates were subjected to a twenty-six day lockdown for security reasons); *see also Garcia v. Lumpkin*, 2022 WL 18491899, at *3 (E.D. Tex. Dec. 5, 2022) (finding Plaintiff's COVID-19 lockdown claim did not constitute cruel and unusual punishment under the Eighth Amendment "or an atypical and significant hardship" under the Fourteenth Amendment); *Calloway v. Louisiana*, 2022 WL 17084374 (M.D. La. Nov. 18, 2022) ("[p]lacement in extended lockdown is generally not sufficiently atypical or such a significant hardship to state a claim of constitutional dimensions"); *Dickerson v. Cain*, 241 F.

8

App'x 193, 194 (5th Cir. 2007) ("Dickerson has not shown that his extended lockdown presented an atypical or significant hardship beyond the ordinary incidents of prison life"); *Farr v. Rodriguez*, 255 F. App'x 925, 926 (5th Cir. 2007) (finding an inmate's lack of access to work and education programs while housed in administrative segregation was not sufficient to implicate a constitutionally protected liberty interest); *McDonald v. Cerliano*, 2022 WL 3925652, at *10 (E.D. Tex. Aug. 8, 2022) ("Plaintiff's placement in solitary confinement or a separation cell for eight days is not a protected liberty interest"; and "Plaintiff failed to allege or even demonstrate that his placement constitutes an atypical significant deprivation of his rights when considering the ordinary incidents of prison life."); *Harris v. Polis*, 2021 WL 3024664, at *5 (D. Colo. June 23, 2021) (finding the plaintiff failed to allege a due process violation as the lockdown from COVID-19 restrictions implicated safety interests). Houston testified at the omnibus hearing that the lockdown was instituted on all inmates due to COVID-19 restrictions. He does not contradict the welfare and security aims behind the lockdown. Moreover, Houston has not alleged that Defendants had any personal involvement with the JCADC's COVID-19 restrictions. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). Based upon the summary judgment record, Defendants are entitled to summary judgment on Houston's lockdown claim.

d. Failure to Exhaust

Defendants assert that Houston has failed to exhaust his administrative remedies on all his claims. Doc. [51]. Houston argues that he properly filed grievances. Doc. [55]. Defendants provide an affidavit by Tyrone Nelson and a list of Houston's grievances during his time at JCADC. Doc. [51-1]. Although some question as to the exhaustion of Houston's claims may exist, the Court declines to make any findings on the exhaustion issue. The Court concludes that Houston has failed to overcome Defendants' Summary Judgment Motion based on the merits.

9

For the forgoing reasons, the Court finds that Houston has not shown a genuine issue of material fact on any of his claims. Defendants are entitled to summary judgment.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants Sheriff Ezell and Captain Nelson's motion for summary judgment be GRANTED, and that Plaintiff's complaint is dismissed as to all claims and all defendants.

So Ordered this the 31st day of March 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE